DRR

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DWIGHT DAVID MASSEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> AL ST. LAWRENCE, ) <br> ) <br> Respondent. ) | Case No. CV408-090 |

## **REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Chatham County Detention Center in Savannah, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," it is recommended that the case be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the

[state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). On July 17, 1998, petitioner was convicted of unlawfully entering a motor vehicle, theft by taking, forgery, making false statements, and possession of tools for the commission of a crime. (Doc. 1 at 2.) He did not file a direct appeal of his conviction or sentence. (Id.) Accordingly, pursuant to 28 U.S.C. § 2244(d), his one-year limitations period for filing a §2254 petition began on August 17, 1998,[1] when the thirty-day period for filing a notice of appeal with the Georgia Court of Appeals expired. See O.C.G.A. § 5-6-38.

The one-year limitations period set forth in § 2244 is tolled when a state prisoner properly files an application for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2); see Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Here, petitioner did not seek collateral relief in state court until December 11, 2007, over nine years after his

---

[1] The thirtieth day after the conviction fell on Sunday August 16, 2004. Accordingly, petitioner had until Monday August 17 to appeal.

2

conviction became final.[2] (Doc. 1 at 2-3.) The § 2254 limitations period thus expired long before petitioner sought state post-conviction review. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like [petitioner's] that is filed following the expiration of the [§ 2244] limitations period cannot toll that period because there is no period remaining to be tolled."). Consequently, the tolling provision provides petitioner with no relief; the present federal petition is time barred under § 2244. Id.

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation sua sponte and dismiss those actions that are time barred. Jackson v. Sec'y for Dept. of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition challenging petitioner's 1998 conviction is untimely by many years, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 14th day of May, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Petitioner filed a second habeas petition before the Chatham County Superior Court regarding this conviction, and that proceeding is still pending. (Doc. 1 at 3.) The case number indicates that it was filed in 2008. (Id.)